UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RALPH D. SPINK,

    Plaintiff,

  v.

JOSEPH LEHMAN,

    Defendant.

Case No.  C04-5700RBL

REPORT AND
RECOMMENDATION
TO DENY I.F.P. STATUS

**NOTED FOR
December 3rd, 2004**

  This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's application to proceed *in forma pauperis.*  (Dkt. # 1).

## DISCUSSION

  Plaintiff indicates he has monthly income of ($340) dollars per month plus a monthly social security income of ($575) dollars per month.  (Dkt. # 1).  This gives plaintiff a total income per month of ($915) dollars.  While plaintiff claims ($4000) dollars in credit card debit he indicates he makes monthly payments on that debt.  (Dkt. # 1).  Thus the entire amount is not due and owing in one month.  Plaintiff also indicates a debt of ($20,000) that is over ten years old and plaintiff indicates he is not sure this debt is still owed.  The court will not consider a debt where there is no current burden on plaintiff to pay.

REPORT AND RECOMMENDATION
Page - 1

Plaintiff has failed to show he cannot pay a ($150) dollar filing fee and given his monthly income the application to proceed *in forma pauperis* should be **DENIED.**

The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence.  *See* 28 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed *in forma pauperis*.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963).  Several district courts have ruled that denial of *in forma pauperis* status is not unreasonable when the plaintiff is able to pay the initial expenses required to commence a lawsuit.  *See* Temple v. Ellerthorpe, 586 F.Supp. 848 (D.R.I. 1984); Braden v. Estelle, 428 F.Supp. 595 (S.D.Tex. 1977); U.S. ex rel. Irons v. Com. of Pa., 407 F.Supp. 746 (M.D.Pa. 1976); Shimabuku v. Britton, 357 F.Supp. 825 (D.Kan. 1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974); Ward v. Werner, 61 F.R.D. 639 (M.D.Pa. 1974).

Based on the above, the Court should **DENY** plaintiff's application to proceed *in forma pauperis*.  Plaintiff has not shown that he is unable to pay the full filing fee ($150.00) to proceed with his lawsuit.  He has a monthly income gives him the funds to pay the filing fee.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **December 3rd, 2004**, as noted in the caption.

DATED this 9th day of November, 2004.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge