UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RALPH D. SPINK,<br><br>        Plaintiff,<br><br>  v.<br><br>JOSEPH LEHMAN,<br><br>        Defendant. | Case No. C04-5700RBL<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**JUNE 17th , 2005** |

      This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is defendant's motion to dismiss for failure to state a claim. The defendants argue this action is barred by a running of the statute of limitations. (Dkt. # 15).

      A response was filed and plaintiff argues that the concepts of accrual, conspiracy, and favorable termination should apply to this action. Two of the concepts accrual or conspiracy could render the defendant's statute of limitations argument invalid. The third concept, favorable termination would

REPORT AND RECOMMENDATION - 1

result in dismissal without prejudice. (Dkt. # 21).

Defendants have replied and show that neither the concept of accrual nor conspiracy apply to the facts of this case. (Dkt. # 35). While the defendants also argue favorable termination would result in dismissal without prejudice the court disagrees that the concept is applicable to the facts of this case. Accordingly the undersigned recommends that this action be **DISMISSED AS TIME BARRED**.

## FACTS

Plaintiff was an inmate. Plaintiff alleges he had an earned early release date of April 14th, 1997, (Dkt. # 15). Plaintiff was not released by the Department of Corrections until September 16th, 1998. When he was released from prison on September 16th, 1998, he was held for civil commitment proceedings by parties who are not named defendants in this action.

This action was not filed until October 18th, 2004 when plaintiff filed for *in forma pauperis* status and lodged a complaint. (Dkt. # 1). Plaintiff filed this action claiming the Secretary of the Department of Corrections is liable for holding him past his earned early release date. (Dkt. # 7).

## DISCUSSION

42 U.S.C. § 1983, the Civil Rights Act, contains no statute of limitations. The statute of limitations from the state cause of action most like a civil rights act is used. Usually this is a states personal injury statute. In Washington a plaintiff has three years to file an action. Rose v. Rinaldi, 654 F.2d 546 (9th Cir 1981). Plaintiff was first aware he was being held past his earned early release date on April 14th, 1997 when he was not released. He could not file a civil rights action at that time as he would have been challenging fact or duration of confinement. Heck v. Humphrey, 512 U.S. 477 (1994). The alleged violation was ongoing until September 16th, 1998 when he was released. This was when his alleged injury manifest as plaintiff could file an action claiming damages for allegedly holding him past his release date. Plaintiff had until September 16th, 2001 to file an action. This action was commenced on October 18th, 2004 when plaintiff filed for *in forma pauperis* status. (Dkt. # 1). The statue of limitation had run nearly 37 months earlier.

A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the

REPORT AND RECOMMENDATION - 2

plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

Plaintiff argues his case of action did not accrue until the state court declared the holding of a similarly situated person was improper. (Dkt. # 30, page 2)(citing In re Dutcher, 114 Wn. App 755 (2002)). This argument is without merit. A decision in Dutcher is not an element of plaintiff's case. The Dutcher decision represents a legal decision that Mr. Dutcher's continued incarceration was improper. The holding was not a factual element of plaintiff case, it was a legal determination that the facts stated a viable claim. The discovery rule as argued by plaintiff is not applicable to the facts of this action.

Plaintiff next argues conspiracy but he has not named the proper defendants for that claim. Plaintiff has not named any of the persons responsible for his civil commitment in this action. Further, he has presented no evidence showing bad faith. Del Guzzi Constr. Co. v. Global Northwest Ltd., 105 Wn.2d 878, 885, 719 P.2d 120 (1986); Millay v. Cam, 135 Wn.2d 193, 206, 955 P. 2d 791. (1998). Plaintiff knew all the facts needed to file this action and was able to file on September 16th, 1998. He failed to file within the three year time period. Accordingly, this action is time barred and should be **DISMISSED WITH PREJUDICE**.

Finally, plaintiff argues his case should be dismissed without prejudice so that he can challenge the validity his current civil commitment. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff's reliance on Heck v. Humphrey is misplaced. The holding of Heck precludes a plaintiff from challenging a current conviction or confinement in a civil rights action as the proper forum for

REPORT AND RECOMMENDATION - 3

an action that calls into question the propriety of current confinement is a habeas corpus action.

The time for plaintiff filing a habeas action that challenges his release date on a prior conviction has elapsed. As on September 16th, 1998 plaintiff was not in custody for habeas purposes based on his prior conviction.

The propriety of his current confinement at the special commitment center is not an issue before this court. This action seeks damages for failing to release plaintiff from the Department of Corrections on his early release date. Plaintiff did not seek release from his current confinement or a ruling that the civil commitment proceedings were invalid. Accordingly, this action is time barred and should be **DISMISSED WITH PREJUDICE**.

<u>CONCLUSION</u>

For the reasons outlined above the undersigned recommends **DISMISSAL WITH PREJUDICE**. A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **June 17th, 2005**, as noted in the caption.

DATED this 13th day of May, 2005.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4